UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| RALPH LIRETTE | CIVIL ACTION NO. 08-0925 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| ARROW INDUSTRIES, INC. & TENNESSEE GAS PIPELINE CO. | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is a motion by defendant, Arrow Industries, Inc. (Arrow) for judgment on the pleadings, doc. # 8, and a motion by defendant Tennessee Gas Pipeline Co. (Tennessee Gas) for summary judgment, doc. # 14. Both motions are referred to me by the district judge for Report and Recommendation.

This suit arises out of an industrial accident when plaintiff Lirette alleges he slipped an fell on an oil puddle at work. At the time of the accident, Lirette was employed by defendant Arrow and was working on the premises of Tennessee Gas. The work was being performed pursuant to an "alliance agreement" which provided that Tennessee Gas is a statutory employer of the Arrow employees like plaintiff. Suit was timely removed from state court in LaSalle Parish.

Arrow's motion is based on the fact that, as plaintiff's employer at the time of the accident, it is immune from suit because of the exclusive remedy provisions of the Louisiana Workers Compensation Act.

Tennessee Gas' motion is similarly based on the fact that, it suggests, it is the statutory employer of the plaintiff under the alliance agreement and thus is similarly immune from suit. Plaintiff argues defendant's actions were intentional acts as defined by the workers compensation act.

Motion to Dismiss

Generally, a motion under Rule 12 (c) is treated in the same manner as a Rule 12(b)(6) motion to dismiss. The pleadings are construed liberally. The court accepts all well-pleaded material allegations of the nonmoving party as true, and views all facts and inferences in a light most favorable to the pleader. Johnson v. Johnson, 385 Fed.3d 503 (5th Cir. 2004). A Rule 12(c) motion should not be granted unless plaintiff would not be entitled to relief under any set of facts he could prove consistent with the complaint. Id.

Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates that a summary judgment:

> "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, [submitted concerning the motion for summary judgment], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a

2

matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

Local Rule 56.2W also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable

3

a reasonable jury to return a verdict *412 in her favor." Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 178 (5th Cir.1990) ( citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. See Celotex, 477 U.S. at 325, 106 S.Ct. 2548; see also Lavespere, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. See Celotex, 477 U.S. at 324, 106 S.Ct. 2548. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. See id. at 325, 106 S.Ct. 2548; Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir.1994); Austin v. Will-Burt Company, 361 F. 3d 862, (5th Cir. 2004). This burden is not satisfied with "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. Little, id.

All evidence must be considered, but the court does not make

4

credibility determinations. If the movant fails to meet its initial burden, summary judgment should be denied. <u>Little</u>, 37 F.3d at 1075.

## Analysis

It is clear from the evidence presented that plaintiff is the employee of Arrow and, pursuant to the alliance agreement, the statutory employee[1] of Tennessee Gas; therefore, both defendants are immune from suit unless the accident was caused by an intentional act. Plaintiff in brief does not dispute this.

As to Arrow's motion, plaintiff's only argument is that the petition alleges that "his employer (1) invited him to work on the premises of Tennessee [Gas], which contained (sic) many puddles of oil on the premises (2) failed to require that no one employee or invitee may be on the premises at one time without another employee or invitee, and (3) failed to properly assist an individual in need of care who has endured physical harm on its premises." Therefore, plaintiff reasons, the accident was substantially certain to occur, or inevitable.[2] Plaintiff cites case law to the effect that certain activity by an employer may be considered to be intentional even when the employer has no active desire that the harm ensue.

Arrow points out that the words of the petition do not support a claim for intentional act liability. I agree. The petition states

---

[1] See LSA-R.S. 23:1061.

[2] See <u>Abney v. Exxon Corp.</u>, 755 So.2d 283 (La. App. 1st Cir. 1999); <u>Reeves v. Structural Preservation Systems</u>, 731 So.2d 208 (La. 1999).

5

that plaintiff "was invited" to work on the premises, that "Lirette was walking to the premises . . . when he stepped in one of the many puddles of oil" and the accident "was caused by the negligence of the defendants" in several listed particulars, all of which are failures to perform some act. No allegation of intentional act was set forth in the petition nor can it be inferred from the allegations contained in it.

Similarly, plaintiff has failed to identify any specific facts that create a genuine issue of material fact for purposes of defeating the summary judgment. As stated above, the plaintiff may not simply rest on his pleadings in opposing a motion for summary judgment. <u>Celotex</u>, supra. All of plaintiff's allegations are that Tennessee Gas failed to provide a safe place to work. Such allegations do not rise to the status of an intentional act. <u>Micele v. CPC of Louisiana</u>, 709 So.2d 1065, (La App. 1998). In order for the intentional act exclusion to apply, such that plaintiff would have a viable claim against Tennessee Gas, the employer would have to have either actively desired the result of its act, or knew that the result was substantially certain (i.e., inevitable) to occur. <u>Abney</u>, supra, at footnote 2. Despite the plaintiff's arguments to the contrary, the allegations of the petition do not support such a finding. Similarly, plaintiff has failed to offer any evidence to support such a finding. In any event, the cases plaintiff cites that have held acts to be intentional are easily distinguishable.

6

See Abney, supra, Jones v. Thomas, 426 So.2d 609 (La. 1983), Clark v. Division Seven, Inc., 776 So. 2d 1272 (La. App. 2000).

There is no set of facts consistent with the complaint that plaintiff could prove against Arrow for which Arrow would not be immune.

Similarly, there are no genuine issues of material fact with regard to the issue of Tennessee Gas' immunity from suit as the statutory employer of plaintiff.

For the foregoing reasons, IT IS RECOMMENDED that Arrow's motion to dismiss, doc. #8, be GRANTED and that Tennessee Gas' motion for summary judgment, doc. #14, be GRANTED and that plaintiff's suit be dismissed

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN**

**TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 17th day of August, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE